TRELLES ET AL., PETICIONARIOS, *v.* ROSSY, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un mandamiento de *certiorari* al Juez de la Corte de Distrito de San Juan, Sección 2ª., en un caso sobre divorcio y liquidación de bienes gananciales.

No. 139.—Resuelto en marzo 31, 1915.

ADMINISTRACIÓN JUDICIAL—INTERVENCIÓN—DISCRECIÓN JUDICIAL.—La cuestión de si debe permitirse intervenir en el procedimiento a las personas que aleguen tener derecho a un fondo o propiedad que esté bajo la administración de una corte de distrito, pertenece a la sana discreción judicial.

ID.—DIVORCIO—BIENES GANANCIALES—BIENES PRIVATIVOS.—Cuando en un pleito sobre divorcio el administrador judicial nombrado para la liquidación de la sociedad de gananciales toma posesión de bienes privativos de uno de los cónyuges o pertenecientes a otras personas con título aparente, y se solicita por los interesados que tales bienes sean excluídos del inventario y de la posesión del administrador, la corte debe considerar la solicitud y conceder una vista amplia, oir pruebas y resolver el conflicto existente entre las partes con respecto a dichos extremos, sin que en esa audiencia pueda decidirse la cuestión sobre el derecho de dominio, lo que debe ventilarse en el juicio correspondiente.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. Eduardo Acuña, Luis Abella Blanco* y *Agusto Malaret.*

El demandado compareció por escrito en nombre propio.

Abogado de la interventora María Ríos: *Sr. Herminio Díaz.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

María Ríos Méndez siguió un pleito sobre divorcio y liquidación de bienes gananciales contra Vicente Trelles Oliva. El caso fué el número 184 en el que se dictó sentencia de divorcio a favor de ésta.

En el pleito de divorcio no compareció el esposo a defender sus derechos ni se promovió por él ninguna cuestión sobre si dichas acciones podían ser acumuladas debidamente. Habiendo sido dictada la sentencia de divorcio en 11 de junio de 1914, en 24 de julio de 1914 la referida demandante María Ríos presentó una moción a la Corte de Distrito de San Juan, sobre liquidación de los bienes gananciales, con el fin de que fuera nombrado un administrador judicial, y en 29 de julio de 1914 la corte nombró a Pablo Gonce como administrador judicial cuyos deberes eran los de formar el inventario de todos los bienes de María Ríos y Vicente Trelles Oliva adquiridos durante su matrimonio y entrar en posesión de los mismos, continuando como administrador, de conformidad con las instrucciones de la Corte de Distrito de San Juan, Sección 2ª. Como se ve, el administrador debía formar el inventario de los bienes gananciales del matrimonio Trelles-Ríos y entrar en posesión de ellos.

El administrador judicial Pablo Gonce obtuvo una orden de la Corte de Distrito de San Juan para tomar posesión de tres fincas urbanas y una rústica situadas todas en la jurisdicción de Mayagüez, y de otra finca urbana y de otra rústica comprendidas en el término municipal de Cabo Rojo. Esta orden fué librada al márshal del Distrito de Mayagüez que dió posesión de estas propiedades al administrador judicial notificándolo al marido. Entre estos bienes se encontraba una finca rústica que el esposo alegó que era de su pertenencia en concepto de bien privativo suyo, y había otra propiedad que Eduardo Alvarez Ríos alegaba haber adquirido por compra al marido, habiendo además otra que Pedro F. Colberg alegó que había adquirido en igual forma del esposo. Alvarez Ríos y Pedro F. Colberg, alegando ser compradores del marido presentaron una solicitud a la Corte de

Distrito de San Juan, solicitando permiso para intervenir en el pleito, a saber en el caso No. 184, y alegaron también que las fincas adquiridas por ellos por compras hechas al esposo habían pertenecido a los bienes privativos de dicho esposo. El objeto de la petición era el de que se eliminaran esas fincas del inventario y posesión del administrador judicial.

Igualmente presentó el esposo Trelles una solicitud por separado a la corte de Distrito con el fin de que su finca perteneciente a sus bienes privativos fuera eliminada. El día 14 de enero de 1915 la Corte de Distrito de San Juan en una sola orden denegó ambas peticiones, expresando que como las fincas habían sido ocupadas ya por el administrador judicial nombrado por la corte, no creía dicha corte que el procedimiento iniciado por los peticionarios fuera el adecuado para obtener el remedio que solicitaban y que los peticionarios debían ejercitar sus derechos en la forma prescrita por la ley dando así una oportunidad a la demandante María Ríos para discutir sus derechos. Posteriormente, o sea en 27 de enero de 1915, Vicente Trelles Oliva, Eduardo Alvarez Ríos y Pedro F. Colberg hicieron una petición conjunta de *certiorari* a esta corte, en la que solicitaron que la orden dictada por la corte de distrito de enero 14 de 1915 fuera anulada con resultados favorables al carácter privativo que originalmente tenían los bienes del esposo.

El juez de la corte de Distrito formuló su contestación al mandamiento que fué librado por este tribunal expresando que los bienes que se alega que fueron traspasados a Alvarez Ríos y a Colberg si bien tal vez eran privativos al principio tenían sin embargo el carácter de gananciales con motivo de ciertos pagos y otras cosas semejantes. También hizo referencia el juez a que las ventas fueron hechas después de haberse establecido la acción de divorcio llamando además la corte nuestra atención hacia el hecho de que desde la fecha de la petición de *certiorari* la demandante María Ríos había establecido una demanda para que se declara-

ran nulas las ventas hechas a Alvarez Ríos y Colberg. Esta demanda consta en los autos bajo el mismo título en la misma acción, o sea, el caso No. 184.

María Ríos, por medio de su abogado, compareció ante este tribunal oponiéndose a que fuera concedida la solicitud. La cuestión de si debe permitirse intervenir a las personas que alegan· tener derecho a un fondo o propiedad que está bajo administración de la corte de distrito pertenece a la sana discreción judicial de la cual creemos que se ha abusado en este caso. Entendemos que el derecho de la corte en este procedimiento para ordenar al administrador judicial a que tome posesión de los supuestos bienes del marido sin haberlo citado para comparecer, era enteramente dudoso. También fué muy dudoso el hecho de si el administrador judicial tenía derecho a tomar posesión de las supuestas propiedades de Alvarez Ríos y Colberg. La corte expresa que los bienes que se alega que pertenecen a Alvarez Ríos y Colberg fueron traspasados mientras pendía el caso de divorcio pero no surge ninguna presunción de fraude por el mero traspaso. Ellos eran los dueños de los bienes para todos los fines y propósitos y tenían derecho a seguir en el dominio de los mismos contra todo el mundo, con excepción de la persona que alegue y demuestre tener un título mejor. Tenían derecho a ser oídos en una corte de justicia. Por tanto, cuando sin que se hubiera hecho notificación alguna a ninguno de los peticionarios se permitió al administrador judicial tomar posesión de los bienes que ellos reclamaron, la petición que hicieron con el fin de que se les permitiera intervenir en la acción en la cual se les había privado sin procedimiento alguno legal de la posesión de dichos bienes, fué una petición que debió haber sido tomada en consideración por la corte de distrito. La corte podía conceder una vista amplia, oir pruebas y resolver el conflicto existente entre las partes, sobre si tales bienes debían excluirse del inventario y de la posesión del administrador. No es nuestro ánimo sostener que mediante esa audiencia pudo decidirse sobre el derecho de dominio

que reclaman así Trelles Oliva como Alvarez Ríos y Pedro F. Colberg. Ese derecho de dominio debe esclarecerse en el correspondiente juicio. Lo que sí afirmamos es que si los peticionarios poseían los bienes que reclaman con título aparente, no podían ser perturbados ni menos despojados de dicha posesión sin ser antes vencidos en juicio. Ellos no deben ser demandantes sino demandados. Así lo ha entendido la misma demandante María Ríos Méndez como lo demuestra el hecho de que ella ha presentado una demanda por separado en el pleito original No. 184 para que se anulen los traspasos hechos a Colberg y a Alvarez Ríos.

Creemos que debido a la acción tomada por las partes, la corte está en condiciones de considerar las questiones levantadas en este caso y resolverlas con sujeción a los principios expuestos.

La orden de enero 14, 1915, debe ser anulada.

> *Declarada con lugar la solicitud de certiorari y anulada la resolución de la Corte de Distrito de San Juan, Sección 2ª., de 14 de enero de 1915.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.